USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __10/30/24__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ALLA KISELEVA,                                    :
                                                  :
                                                  :
                          Plaintiff,              :
                                                  :        23-CV-09496 (VEC)
          -against-                               :
                                                  :        ORDER
                                                  :
MARK GREENSPAN, ADAM LITMAN,                      :
BEAUTYFIX ENTERPRISES LLC d/b/a                   :
BEAUTYFIX MEDSPA, BEAUTYFIX                       :
MEDICAL PLLC d/b/a BEAUTYFIX MEDICAL              :
SPA, BEAUTYFIX HOLDINGS LLC, BEAUTY               :
FX SPA INC., and MAYA BENAYOUN,                   :
                                                  :
                                                  :
                          Defendants.             :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        WHEREAS on October 25, 2024, the Court ordered Plaintiff to file a letter detailing

outstanding requests for document production and Defendants to file a letter detailing their

objections, *see* Order, Dkt. 57;

        WHEREAS Plaintiff requests personnel records for all injectors, aestheticians, and front

desk employees, including records regarding employee classification status, method and

frequency of pay, hours worked, tips, and overtime hours worked, *see* Dkt. 56;

        WHEREAS Defendants raise nine objections to these requests, including, *inter alia*,

objections related to the relevant time frame, location of work, the type of employee, and scope,

vagueness, and overbreadth of certain requests, *see* Dkt. 59;

        WHEREAS "[p]arties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case," and upon

motion or *sua sponte*, a "court must limit the frequency or extent of discovery" if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)," Fed. R. Civ. P. 26(b)(1), (b)(2)(C);

WHEREAS "relevance" is broadly construed to include "any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case," *Asad Gilani v. Hewlett Packard Co.*, No. 15-CV-05609 (NSR), 2017 WL 4236564, at *1 (S.D.N.Y. Sept. 22, 2017) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)), and "courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses," *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004); and

WHEREAS the Court determines that certain aspects of the requests from Plaintiff are overbroad or otherwise not within the scope of this litigation; namely, (1) the failure to identify the "pertinent time frame" or specify the applicable work site; (2) the request for production of Front Desk Employee and Aesthetician personnel records; (3) the request for production of compliance documents, such as wage notices, which are not relevant to any allegations in the Amended Complaint, *see* Dkt. 33; and (4) the blanket request for production of "any other documents related to wages, hours worked, or compensation that may be relevant to the case," *see Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) ("Blanket requests of this kind are plainly overbroad and impermissible.").

IT IS HEREBY ORDERED that by not later than **Friday, November 1, 2024**, Defendants must produce documents responsive to Requests i–vi that are within their custody or control, subject to the following restrictions: (1) "pertinent time frame" is defined as July 1, 2015, up to and including December 31, 2021, *see* Am. Compl. ¶¶ 10, 149; (2) Defendants must

produce personnel records only for those employees or independent contractors who worked at the BeautyFix 23rd Street location, *see* Am. Compl. ¶ 5; and (3) Defendants need not produce any personnel records for aestheticians or front desk employees.

IT IS FURTHER ORDERED that by not later than **Friday, November 8, 2024**, Defendants must produce documents responsive to Requests i–vi that are within the custody or control of third-party payroll entities, subject to the same restrictions detailed above.

IT IS FURTHER ORDERED that the Court will enter the parties' stipulated Confidentiality Order under separate order.

**SO ORDERED.**

Date:  October 30, 2024
New York, New York

**VALERIE CAPRONI**
**United States District Judge**