```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __10/30/24__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ALLA KISELEVA,                                               :
                                                             :
        Plaintiff,                                     :
                                                             :    **1:23-cv-9496**
-- against --                                                :
                                                             :
MARK GREENSPAN, ADAM LITMAN,                                 :    **CONFIDENTIALITY ORDER**
BEAUTYFIX ENTERPRISES LLC d/b/a                              :
BEAUTYFIX MEDSPA, BEAUTYFIX                                  :
MEDICAL PLLC d/b/a BEAUTYFIX MEDICAL                         :
SPA, BEAUTYFIX HOLDINGS LLC, BEAUTY                          :
FX SPA INC., and MAYA BENAYOUN                               :
                                                             :
        Defendants.                                    :
------------------------------------------------------------ x

        The parties have stipulated to entry of this Confidentiality Order, and the Court is otherwise fully advised in the premises.

        **IT IS HEREBY ORDERED** as follows:

1. This Order shall govern all documents, electronic files, medical records, media, and any other material or information produced by any party or non-party in response to any method of discovery conducted by any party under the Federal Rules of Civil Procedure (collectively "Discovery Materials"). This Order shall not apply to information contained in any Discovery Materials if that same information is already a matter of public record at the time of production.

2. During the course of discovery, any Producing Party may designate as "CONFIDENTIAL" certain Discovery Materials produced in response to discovery requests propounded by another party and certain deposition testimony. Documents may be designated as "CONFIDENTIAL" only if they contain (i) personal identifiable information of non-party personnel, (ii) personal financial information, or (iii) medical information or other

information that could violate the Health Insurance Portability and Accountability Act ("HIPAA"). The Discovering Party shall not directly or indirectly disclose or make available "CONFIDENTIAL" documents, or the information contained therein, to any person, except:

    a. Such employees, former employees and agents of the Discovering Party that are directly involved in prosecuting or defending the above captioned litigation;

    b. Documents designated "confidential" shall be shown only to actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation;

    c. Attorneys engaged or employed by the Discovering Party and the attorneys' paralegals and supporting staff;

    d. Any expert witnesses, consultant, or other person or firm engaged by the Discovering Party or its attorneys to assist in connection with this case;

    e. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A; and

    f. The Court and its personnel.

3. The designation of Discovery Materials as "CONFIDENTIAL" will be made by stamping on the applicable documents in a manner which does not interfere with their legibility, the words "CONFIDENTIAL" prior to producing copies of the Discovery Materials. Producing Discovery Materials for inspection without designating them as "CONFIDENTIAL" shall not be a waiver of the right to designate the documents as "CONFIDENTIAL" when copies are produced. Thereafter, all copies of "CONFIDENTIAL" documents must bear the same "CONFIDENTIAL" designation.

4. Deposition testimony regarding (i) personal identifiable information of non-party personnel, (ii) personal financial information, or (iii) medical information or other information that could violate HIPAA, shall be designated as "CONFIDENTIAL."

5. It may not be possible to stamp certain Discovery Materials as "CONFIDENTIAL" such as computer files or other media. With respect to those Discovery Materials, the Producing Party shall indicate in writing at the time of the production whether Discovery Materials are "CONFIDENTIAL."

6. Before the Discovering Party files any "CONFIDENTIAL" Discovery Materials, the parties shall engage in good-faith discussions to determine whether redactions would allow the materials to be filed without doing so under seal. In the event agreement cannot be reached, the Discovering Party shall follow the provisions of the following paragraph.

7. Nothing in this Protective Order shall be construed as allowing any party to file anything under seal. The parties acknowledge that the fact that a document is subject to this Protective Order does not, in itself, constitute good cause for sealing it.

8. Any party can file a motion with the Court challenging the "CONFIDENTIAL" or designation of any particular Discovery Material. A party is not obligated to challenge the "CONFIDENTIAL" designation at the time made and a failure to do so will not preclude a subsequent challenge. Before filing such a motion, the challenging party shall attempt to resolve the challenge with the Producing Party. Discovery Material claimed to be "CONFIDENTIAL" that is subject to a dispute as to whether it is in fact "CONFIDENTIAL" shall, until further Order of the Court, be treated as "CONFIDENTIAL" in accordance with the provisions of this Order.

9. At the conclusion of this matter, all Discovery Materials designated "CONFIDENTIAL" and all medical records, including copies produced in discovery and in the Possession of the Discovering Party or any other person to whom such documents were made available by the Discovering Party, shall be destroyed by the Discovering Party or returned to the Producing Party unless the parties reach agreement on other arrangements for the disposition of such Discovery Materials. Notwithstanding the requirements of this paragraph, counsel for the parties may retain one complete set of all documents for its file, remaining subject to all requirements of this order

10. Nothing in this Order shall diminish or waive the attorney-client privilege, the attorney work product privilege, or other applicable protection from, or objection to, discovery or any objection to admissibility at a hearing or trial.

11. Nothing in Order shall prohibit or prevent Discovery Materials from being withheld or redacted to prevent the disclosure of privileged and/or non-discoverable information.

12. The inadvertent or accidental disclosure of "CONFIDENTIAL" Discovery Materials shall not be deemed a waiver in whole or in part of a claim of confidentiality either as to the specific Discovery Materials or information disclosed or information relating thereto or of the same or related subject matter. Upon the request of the Producing Party, any Discovery Material that is inadvertently or accidentally produced without being designated as "CONFIDENTIAL" shall promptly be stamped "CONFIDENTIAL" by the parties. The Discovering Party shall also use good faith efforts to arrange for the return or destruction of such documents or things from individuals to whom it may have distributed the documents or things but who were not authorized to receive "CONFIDENTIAL" or documents under this Order.

13. Nothing in this Order shall preclude any party from seeking or obtaining additional or different protection with respect to any discovery material which it believes is confidential.

14. The provisions of this Order shall survive the conclusion of this case.

Notwithstanding anything to the contrary in this Order, the parties must comply with the Undersigned's Individual Rule 5 when seeking to file confidential materials under seal.

Date:   October 30, 2024

_____
VALERIE CAPRONI
United States District Judge