USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/19/2025___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALLA KISELEVA,

                              Plaintiff,

        -against-

MARK GREENSPAN, ADAM LITMAN,
BEAUTYFIX ENTERPRISES LLC d/b/a
BEAUTYFIX MEDSPA, BEAUTYFIX MEDICAL
PLLC d/b/a BEAUTYFIX MEDICAL SPA,
BEAUTYFIX HOLDINGS LLC, BEAUTY FX SPA
INC., and MAYA BENAYOUN,

                              Defendants.

---

23-CV-09496 (VEC)

<u>OPINION & ORDER</u>

VALERIE CAPRONI, United States District Judge:

Alla Kiseleva sued her former employers, BeautyFix Enterprises LLC d/b/a BeautyFix

MedSpa, BeautyFix Medical PLLC d/b/a BeautyFix Medical Spa, BeautyFix Holdings LLC, and

Beauty FX Spa Inc. (collectively, "BeautyFix" or "Employer Defendants"), as well as BeautyFix

employees Mark Greenspan and Adam Litman,[1] alleging that they discriminated against her

because of her ethnicity in violation of 42 U.S.C. § 1981, the New York State Human Rights Law

("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*, and the New York City Human Rights Law

("NYCHRL"), N.Y. City Admin. Code § 8-107 *et seq.*  Defendants moved for summary

judgment.  *See* Dkt. 82.  For the following reasons, Defendants' motion for summary judgment is

GRANTED.

---

[1] The Court previously dismissed Plaintiff's claims against Maya Benayoun.  *See* Opinion and Order, Dkt.
64; Tr., Dkt. 78.

# BACKGROUND

The Court assumes the parties' familiarity with Plaintiff's allegations in this case, which are detailed more fully in the Court's prior Opinion and Order, Dkt. 64 ("Opinion"), at 2–4.  In brief, Plaintiff — who claims Slavic ethnicity and Russian ancestry — alleges that Defendants subjected her to several adverse employment actions that constituted unlawful discrimination.

## I.    Procedural History

In response to Defendants' motion to dismiss the First Amended Complaint, the Court dismissed several of Plaintiff's claims but permitted Plaintiff's Section 1981 and state law claims premised on disparate treatment allegations to proceed as to BeautyFix, Mr. Greenspan, and Mr. Litman.  *Id.* at 19.  Plaintiff was granted leave to amend her complaint.  *Id.* at 18–19.  Plaintiff filed her Second Amended Complaint on November 14, 2024.  *See* Second Am. Compl., Dkt. 66 ("Compl.").  The Court granted in part and denied in part Defendants' subsequent motion to dismiss.  *See* Tr., Dkt. 78.

Plaintiff's remaining federal and state law claims against BeautyFix, Mr. Greenspan, and Mr. Litman arise only from the following three alleged adverse employment actions that occurred, according to the allegations in the Complaint, under circumstances giving rise to an inference of discrimination: she was misclassified as an independent contractor; she was required to work on Saturdays; and she received less maternity pay than another woman who did not share her ethnic background.  Opinion at 14.

II.    **Facts**

Certain material facts are undisputed.  Although the parties contest the precise beginning and end of Plaintiff's employment at BeautyFix, they agree that she worked at BeautyFix's Flatiron location from around 2015 or 2016 through the end of 2021 or early 2022.  Rule 56.1 Statement, Dkt. 99-1 ("56.1 St."), ¶¶ 1, 22.  Plaintiff worked as a Nurse Injector ("Injector") administering injections of appearance-enhancing products and performing procedures on BeautyFix's clientele.  *Id.* ¶¶ 1–3.  Plaintiff asserts that she is of Slavic race and ethnicity and claims ancestry from Russia and Eastern Europe more broadly (hereinafter referred to as Plaintiff's "Ethnicity").  *Id.* ¶ 5.  Plaintiff was classified as an independent contractor, rather than an employee, when she worked at BeautyFix.  *Id.* ¶ 6.

Plaintiff disputes many of Defendants' factual assertions.  She disputes that she chose to work as an independent contractor or benefited from being so classified, and she claims that she complained about her classification.  *Id.* ¶¶ 7–11.  Although Plaintiff does not dispute that she established and used AK Medical, LLC to receive compensation for her work, she claims that Mr. Litman advised her to do so.  *Id.* ¶ 12.[2]

Defendants claim that, of the ten Injectors who worked at the BeautyFix Flatiron location, two shared Plaintiff's Ethnicity and eight did not.  *Id.* ¶ 14.  Five of the eight Injectors who did not share Plaintiff's Ethnicity were independent contractors, including one who later became an employee.  *Id.* ¶¶ 15, 17.  Conversely, the single Injector who shared Plaintiff's Ethnicity, Julia Barskiy, was an independent contractor, became an employee in 2019, and then

---

[2]    Because of the amount of ink spilt on the subject, it is worth noting that this case does not concern whether Defendants violated any wage-and-hour laws, such as the Fair Labor Standards Act, the New York Labor Law, or applicable tax laws, by classifying Plaintiff as an independent contractor.  Plaintiff alleges only employment discrimination.  The Court expresses no view on whether categorizing her as an independent contractor was lawful or appropriate.

reverted to being an independent contractor. *Id.* ¶¶ 16, 19–20. Plaintiff disputes Defendants'

characterization of the Injectors' classifications, and she offers messages, Instagram screenshots,

and payroll records that purportedly contradict Defendants' assertions. *See id.* ¶¶ 14–17, 19–20;

Plaintiff's Declaration in Opposition to Defendants' Motion for Summary Judgment, Dkt. 93

("Kiseleva Decl."), ¶¶ 51–55, 63–66, 84–88, and Exs. K, L, N, and QQ thereto, Dkts. 95-1, 95-2,

95-4, and 96-2.

     Defendants also assert that there was no policy or practice requiring Injectors to work on

Saturdays; they offer a sworn affirmation from Ms. Barskiy stating that she did not work on

Saturdays and that Defendants did not require her to work on Saturdays. 56.1 St. ¶¶ 23–27;

Affirmation in Support of Defendants' Motion for Summary Judgment, Dkt. 84 ("Barskiy Aff."),

¶ 42. Plaintiff counters with messages tending to show that Ms. Barskiy worked on at least some

Saturdays. Kiseleva Decl., Ex. U, Dkt. 96-6.

     Finally, Defendants state that Plaintiff was paid the full $6,000 in maternity pay she

claims was owed to her and have submitted a copy of a check dated March 15, 2021, in the

amount of $4,389, $2,000 of which is designated as the final maternity leave payment. 56.1 St.

¶¶ 31–32; Declaration in Support of Defendants' Motion for Summary Judgment, Dkt. 82-3

("Litman Decl."), ¶¶ 32–34, and Ex. G thereto, Dkt. 82-10. Plaintiff asserts that she never

received the maternity leave payment. Kiseleva Decl. ¶ 92. She points to text messages that she

claims were exchanged with Mr. Litman in March 2021 regarding the payment, but those

messages were, in fact, sent between September and December 2020, *id.* ¶¶ 92–93 and Ex. S

thereto, Dkt. 96-4; the only messages between Plaintiff and Mr. Litman in March 2021 that are

part of the record and that address maternity pay indicate that the payment would be made on

Monday, March 15, 2021, *see* Kiseleva Decl. Ex. T, Dkt. 96-5. Although Plaintiff denies having

received the "third maternity leave payment," Kisleva Dec. ¶ 92, she admits receiving the check for $4,389, dated March 15, 2021. She denies having ever seen the annotation that attributed $2000 of the $4,389 to maternity pay. Kiseleva Decl. ¶ 92. She provides no alternative explanation for the amount of the check she received on March 15.

## DISCUSSION

### I. Motion for Summary Judgment Standard

A court will grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of showing that there are no material factual disputes. *See Atl. Mut. Ins. Co. v. CSX Lines, L.L.C.*, 432 F.3d 428, 433 (2d Cir. 2005). The court must resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See id.*

### II. Defendants' Motion for Summary Judgment

Because Plaintiff has failed to put forward any evidence from which a jury could infer that Defendants acted with discriminatory intent in classifying her as an independent contractor and has failed to produce evidence that she was forced to work on Saturdays and did not receive maternity pay owed to her, Defendants' motion for summary judgment is granted.

#### A. Applicable Employment Discrimination Law

Discrimination claims under Section 1981 and the NYSHRL are analyzed under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, to prove a prima facie case of employment discrimination, the plaintiff must show that: "(1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under

circumstances giving rise to an inference of discrimination." *Alvarado v. United Hospice, Inc.*, 631 F. Supp. 3d 89, 111 (S.D.N.Y. 2022) (cleaned up).  Because the burden of proof at trial falls on the Plaintiff, the nonmoving party, Defendants' burden on summary judgment is to show that there is no evidence on an essential element of the nonmovant's claim.  *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (citation omitted).  If Defendants do so, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Id.* (citation omitted).

Because the NYCHRL's provisions are "uniquely broad," discrimination claims under the NYCHRL are analyzed "separately and independently" from their federal and state counterparts. *Miller v. Levi & Korsinsky, LLP*, 695 F. Supp. 3d 397, 407 (S.D.N.Y. 2023) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)).  Under the NYCHRL, a plaintiff must show she was "treated 'less well'. . . because of a discriminatory intent," *Mihalik*, 715 F.3d at 110, a lesser burden than exists under either Section 1981 or NYSHRL.  *See Richards v. N.Y.C. Dep't of Educ.*, No. 21-CV-338, 2022 WL 329226, at *20 (S.D.N.Y. Feb. 2, 2022).

The Court previously permitted certain of Plaintiff's disparate treatment claims to go forward under a comparator theory.  Plaintiff had adequately alleged facts from which the Court could "plausibly infer that 'she was similarly situated in all material respects to the individuals with whom she [sought] to compare herself;'" at summary judgment, she must now prove "that she was treated differently from at least one comparator."  Opinion at 13 (citing *Hu v. City of New York*, 927 F.3d 81, 96, 101 (2d Cir. 2019)).  Although her summary judgment papers are not a model of clarity, Plaintiff appears to maintain her argument that comparators outside of her

Ethnicity did not suffer the same adverse employment actions that she did.  *See* Pl. Mem., Dkt. 99, at 2, 5–6.

### B.  Plaintiff's Section 1981 Claims

#### 1.  Independent Contractor Classification

Defendants argue that because five of the eight Injectors who did not share Plaintiff's Ethnicity were independent contractors, and the single Injector who shared Plaintiff's Ethnicity sometimes was an independent contractor and sometimes was an employee, it cannot be the case that Plaintiff's classification as an independent contractor gives rise to an inference of discrimination.  Def. Mem., Dkt. 82-1, at 8–14; 56.1 St. ¶¶ 15–17, 19–20.  Defendants' position is compelling insofar as it responds to the Complaint's allegations that Mr. Litman forced all Injectors who shared Plaintiff's Ethnicity to work as independent contractors, whereas nearly all Injectors who were not of that Ethnicity were employees.  Compl. ¶¶ 52–56.

But Defendants' argument is not responsive to the law on the comparator theory of liability.  Plaintiff "must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself."  *Miller*, 695 F. Supp. 3d at 408 (citation omitted).  Rather than attempt to show how the non-Slavic injectors who were classified as employees materially *differ* from Plaintiff, Defendants focus on how most of the non-Slavic injectors were treated the *same* as Plaintiff (i.e., five of the eight comparator Injectors were independent contractors, like Plaintiff).  Defendants do not cite any legal authority for their position, and indeed none of the parties cites any cases in their briefing beyond their recitation of the basic legal standards governing summary judgment in employment discrimination actions.  Defendants did obliquely, however, point to admissible evidence tending to show that Plaintiff had failed to identify even "one actual comparator" by showing that the Complaint's allegations

regarding the purported comparators are not accurate. *Alvarado*, 631 F. Supp. 3d at 115. Defendants therefore "point to a lack of evidence" on an essential element of Plaintiff's claim. *CILP Assocs.*, 735 F.3d at 123 (citation omitted). Specifically, they argue that there is no evidence that her classification as an independent contractor occurred under circumstances giving rise to an inference of discrimination.

The burden shifts to Plaintiff to "come forward with admissible evidence sufficient to raise a genuine issue of fact." *Id.* (citation omitted). All Plaintiff needed to do was present admissible evidence identifying one comparator who was similarly situated to her in all material respects but was treated differently. *See Miller*, 695 F. Supp. 3d at 408; *Alvarado*, 631 F. Supp. 3d at 115. She failed to do so. Although Plaintiff quibbles with the accuracy of some of Defendants' assertions, she fails actually to dispute Defendants' positions and offers only inadmissible evidence in support of her position. Plaintiff points to text messages and payroll records that she claims show Ms. Barskiy became an employee in 2020, not 2019. Kiseleva Decl. ¶¶ 51–55, and Exs. K and L thereto. Not only is the exact timing of the change in employment status immaterial, but the treatment of Ms. Barskiy, who shares Plaintiff's Ethnicity, cannot be used to prove that Plaintiff was treated differently than someone of a different ethnicity. Even if the treatment of Ms. Barskiy were relevant, the translations of Russian text messages that Plaintiff has submitted are not admissible. "Translations of foreign-language documents which are not certified as true and accurate translations and which do not even identify the translator are not properly authenticated and are not admissible as evidence." *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 555 n.9 (S.D.N.Y. 2013) (citation omitted). Even if they were properly certified, the text messages would still be inadmissible hearsay — because they are introduced for the truth of Ms.

Barskiy's statements — that are inappropriate to attach to an affidavit at the summary judgment stage.  *See Sec. & Exch. Comm'n v. Gallison*, 588 F. Supp. 3d 509, 514 n.1 (S.D.N.Y. 2022).

Plaintiff further attacks the credibility of Defendants' chart of Injectors and their classifications by claiming that Dr. Curreri, one of the non-Slavic, non-Russian, non-Eastern European Injectors identified by Defendants, was not employed by Defendants during the precise timeframe they claim; Plaintiff's assertions are based on Instagram screenshots that do not actually contradict Defendants' contention that she was a part-time employee.  Because Dr. Curreri could have worked at both locations, the Instagram screenshots do not create a question of fact.  *Compare* Kiseleva Decl. ¶¶ 63–66 and Ex. N thereto, *with* Reeder Chart, Dkt. 83-1.  As was the case with the exact timing of Ms. Barskiy's change in employment status, the end date of Dr. Carreri's employment with Defendants is not material.

In all events, absent from Plaintiff's submission is a scintilla of evidence that identifies a comparator who was similarly situated to her in all material respects but was treated differently. Plaintiff has thus failed to put forward admissible evidence raising a genuine issue of fact regarding whether the circumstances of her classification give rise to an inference of discrimination.

### 2.  Saturday Work Policy

Defendants assert that there was no policy that required Injectors, or any other BeautyFix workers, to labor on Saturdays and offer sworn affirmations from those with personal knowledge to that effect.  *See* Def. Mem. at 14–18; 56.1 St. ¶¶ 23–27.  Defendants have therefore pointed to a lack of evidence that Plaintiff actually suffered an adverse employment action vis-à-vis required Saturday work; the burden then shifts to Plaintiff to provide admissible evidence that she was forced to work on Saturdays.  *See CILP Assocs.*, 735 F.3d at 123.  Plaintiff neither

provides evidence nor states clearly in her Declaration that Defendants forced her to work Saturdays. *See* Kiseleva Decl. ¶¶ 94–95 and Ex. T thereto (recounting a single instance when Mr. Litman *asked* her to work on a Saturday to make up for a day she took off); Kiseleva Decl. ¶¶ 100–01 and Ex. U thereto (stating that some individuals worked Saturdays, whereas others did not, and attaching inadmissible translated Russian text messages that purport to show Ms. Barskiy worked Saturdays); Kiseleva Decl. ¶ 102 (explaining that she was not required to work Saturdays in or around August 2019 so that she could visit her partner in Indiana).

At best, Plaintiff states that she "never had any control over scheduling" other than during the period in or around August 2019. *Id.* That contention is vague and unsupported by any "specific facts" in the remainder of Plaintiff's submission. *Wrobel v. Cnty. of Erie*, 692 F.3d 22, 30 (2d Cir. 2012) (citation omitted). Plaintiff cannot "escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts." *Shantou Real Lingerie Mfg. Co. v. Native Grp. Int'l, Ltd.*, 401 F. Supp. 3d 433, 438 (S.D.N.Y. 2018) (citation omitted). Plaintiff's Declaration is replete with examples of Defendants asking, rather than demanding, her to work on Saturday and examples of Defendants allowing her not to work on Saturdays; her assertion that she did not control her schedule is self-contradictory, self-serving, and unsupported by any specific facts. In short, she has failed to demonstrate that there is a material dispute of fact regarding whether she was subjected to the adverse employment action about which she complains.

### 3. Maternity Pay

Defendants argue that Plaintiff was not discriminated against vis-à-vis maternity pay because she received the full $6,000 to which she claims she was entitled. Def. Mem. at 18–19. The copy of the check dated March 15, 2021, designates $2,000 for the final maternity leave

10

payment that Plaintiff claims she never received. *See* Litman Decl. Ex. G. The check is made

out to AK Medical LLC, which Plaintiff admits she established. *See* 56.1 St. ¶ 12.

     Plaintiff fails to create a genuine dispute regarding whether she received the payment.

The text messages she points to requesting the payment were sent several months before the date

of the check, and the only messages she provides contemporaneous to the date of the check

indicate that the payment would be made on March 15, 2021 — the same date found on the

check. Kiseleva Decl. ¶¶ 92–93 and Exs. S and T. Although Plaintiff insists she never received

the final $2,000 owed to her, the very evidence she proffers comports with, rather than disputes,

Defendants' position that they paid her in March 2021. Plaintiff's self-serving assertion that she

never received the maternity pay — while admitting she received the check that Defendants

assert included maternity pay — is insufficient to show a genuine dispute. *Fed. Trade Comm'n*

*v. RCG Advances, LLC*, 695 F. Supp. 3d 368, 382 (S.D.N.Y. 2023) (citation omitted).

Furthermore, where, as here a plaintiff relies almost exclusively on her own contradictory and

incomplete testimony, a district court is permitted to make its own credibility determinations.

*Walker v. Carter*, 210 F. Supp. 3d 487, 502 (S.D.N.Y. 2016). Plaintiff admits that she received

the March 15 check; the court does not credit her assertion that no part of that check represented

the balance due to her for maternity pay.

     In sum, Defendants' motion for summary judgment on Plaintiff's Section 1981 claims is

GRANTED.

### C.  Plaintiff's State Law Claims

     Turning to Plaintiff's NYSHRL and NYCHRL claims, a district court "may, at its

discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed

all claims over which it had original jurisdiction." *Nowak v. Ironworkers Loc. 6 Pension Fund*,

81 F.3d 1182, 1187 (2d Cir. 1996).  In deciding whether to retain jurisdiction, courts must

consider factors such as judicial economy, convenience, fairness, and comity.  *Id.* at 1191.  It is

less appropriate to decline to exercise supplemental jurisdiction late in the action after there has

been "substantial expenditure in time, effort, and money in preparing the dependent claims."  *Id.*

at 1192 (citation omitted).   In light of the resources that the Court and the parties have already

expended in this action, including through considering Plaintiff's state law claims twice at the

motion to dismiss stage, it is appropriate to retain supplemental jurisdiction over the state law

claims.

   Because the same standard governs Plaintiff's Section 1981 and NYSHRL claims,

*Alvarado*, 631 F. Supp. 3d at 111, Defendants are entitled to summary judgment on Plaintiff's

NYSHRL claims for the same reasons they prevailed on Plaintiff's Section 1981 claims.

   Even under the lesser burden imposed by the NYCHRL, Plaintiff's claims cannot

proceed to trial.  *See Richards*, 2022 WL 329226, at *20.  Plaintiff has adduced no evidence that

tends to show that she was "treated 'less well'. . . because of a discriminatory intent." *Mihalik*,

715 F.3d at 110.  Upon Defendants' presentation of admissible evidence undermining essential

elements of her claims, Plaintiff has failed to present countervailing evidence identifying a

specific comparator classified as an employee, or any other indicia of discriminatory intent, and

she has failed to provide sufficient evidence to raise a genuine dispute that she was forced to

work on Saturdays or that she was never paid the final installation of her maternity leave pay.

## CONCLUSION

    For the foregoing reasons, Defendants' motion for summary judgment is GRANTED.

Plaintiff's lawsuit is dismissed with prejudice.  As a result, Defendants' motion *in limine* is

DENIED as moot.

12

The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 81–86 and 102, enter judgment for Defendants, and close this case.

**SO ORDERED.**

**Date:  May 19, 2025**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

13