UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ALLA KISELEVA,                                               :
                                                             :
        Plaintiff,                                       :
                                                             :      **1:23-cv-9496-VEC**
  -- against --                                              :
                                                             :
MARK GREENSPAN, ADAM LITMAN,                                 :
BEAUTYFIX ENTERPRISES LLC d/b/a                              :
BEAUTYFIX MEDSPA, BEAUTYFIX                                  :
MEDICAL PLLC d/b/a BEAUTYFIX MEDICAL                         :
SPA, BEAUTYFIX HOLDINGS LLC, BEAUTY                          :
FX SPA INC., and MAYA BENAYOUN,                              :
                                                             :
        Defendants.                                      :
------------------------------------------------------------- x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR COSTS AND ATTORNEYS FEES**

Anuradha Lazarre
*Attorney for Plaintiff*
226 Prospect Park West, #197
Brooklyn, NY 11215
(917) 310-5659
anu@lazarre.law

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………….…………………………………….… ii

INTRODUCTION..................………………………………………….....................1

PROCEDURAL HISTORY..................………………………………………….....................1

STANDARD OF REVIEW…………………….…………………………………….....................2

ARGUMENT……………………………………….…….................................3

    I.    DEFENDANTS FAIL TO SHOW THAT PLAINTIFF'S CLAIMS WERE FRIVOLOUS OR ASSERTED IN BAD FAITH..................................................................................2

    II.    DEFENDANTS' MOTION IS PROCEDURALLY DEFECTIVE AND FAILS TO PROVIDE ANY BASIS FOR THEIR MONETARY DEMAND..................................................................3

    III.    DEFENDANTS' MOTION IS PREMATURE UNTIL THE APPEALS PROCESS IS COMPLETED......................................................5

CONCLUSION…………......………………………………………….……….....................5

## TABLE OF AUTHORITIES

**Cases**

Christiansburg Garment Co. v. EEOC
434 U.S. 412..................................................................................................................2

Fox v. Vice
563 U.S. 826..................................................................................................................4

Hughes v. Rowe
449 U.S. 5......................................................................................................................2

LeBlanc-Sternberg v. Fletcher
143 F.3d 748..................................................................................................................2

Rounseville v. Zahl
13 F.3d 625, (2d Cir. 1994)............................................................................................2

Scanlan v. Town of Greenwich
3:18-cv-1322 (KAD) (D. Conn. Apr 27, 2023)..............................................................3

Sista v. CDC Ixis North America, Inc.
445 F.3d 161, 178 (2d Cir. 2006)...................................................................................2

Tancredi v. Metropolitan Life Ins. Co.
378 F.3d 220, (2d Cir. 2004).....................................................................................2, 5

**Statutes**

42 U.S.C. § 1988(b).......................................................................................................2

Plaintiff ALLA KISELEVA, by and through her undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Defendants' Motion for Costs and Fees.

## INTRODUCTION

Defendant's Motion for Costs and Fees is procedurally improper and deficient, and substantively meritless. As a preliminary matter, the instant motion is premature until the appellate process is completed in this matter. Furthermore, Defendants' legal arguments that an expenses or fee award is available to them fail, based as they are solely in overreach, mischaracterization, and disregard of prevailing standards and rules. Nor do Defendants offer any factual basis to support their claims or any part of their inapt request for bifurcation, failing, in contravention of both local rules and controlling precedent, to provide any timekeeping or billing records whatsoever, let alone breakdowns or parsing by claim. Lastly, as an appeal is currently pending in this matter, a judgement of fees would be premature.

As such, Defendants' motion is procedurally and otherwise deficient, and should be denied in its entirety.

## PROCEDURAL HISTORY

Plaintiff initiated the instant action November 21, 2023. (*Dkt. No. 1*). There were two motions to dismiss in this matter, both of which the Court granted in part, and denied in part, in decisions dated October 31. 2024, and February 7, 2025. (*Dkt. No.64*, *Dkt. No. 78*).

On May 19, 2025, granting Defendants' Motion for Summary Judgment, the Court dismissed with prejudice those of Plaintiff's claims which had survived the two motions to dismiss cycles. (*Dkt. No. 105*). Defendants filed the instant motion 14 days later, on June 2, 2025. (*Dkt. No. 107*). Plaintiff timely filed her notice of appeal on June 18, 2025. (*Dkt. No. 108*).

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 1988(b), a prevailing defendant may only be awarded attorneys' fees in a civil rights action "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); see also *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). Such awards are limited to instances where the plaintiff's claims were 'frivolous, unreasonable, or without foundation,' a stringent standard intended to avoid chilling legitimate civil rights litigation. *Id* at 14.

The Second Circuit has consistently held that such awards are the exception, not the rule, and that "it is very rare that victorious defendants in civil rights cases will recover attorneys' fees." *Sista v. CDC Ixis North America, Inc.,* 445 F.3d 161, 178 (2d Cir. 2006); see also *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 230 (2d Cir. 2004) ("Hindsight proves that plaintiffs' allegation . . . was very weak, but it was not completely without foundation."); see also *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir. 1998) ("[T]he standard for awarding fees to prevailing defendants is more stringent."), and the determination of frivolity "generally turns on whether the claim itself is clearly meritless," lacking evidentiary support and relying on "nothing but conclusory and unsupportable allegations..." *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994).

**ARGUMENT**

I. **DEFENDANTS FAIL TO SHOW THAT PLAINTIFF'S CLAIMS WERE FRIVOLOUS OR ASSERTED IN BAD FAITH**

Courts have held that absent bad faith on the part of the Plaintiff, a finding that a claim was "so unreasonable or without foundation when filed so as to warrant an award of attorneys' fees and costs"... is reserved for cases in which the 'full extent of legal and factual shortcomings'

2

was laid bare in a prior administrative or judicial, proceeding... or where the plaintiff had 'at least the ability to obtain the knowledge' to recognize his claim 'was unreasonable and groundless, if not frivolous.'" *Scanlan v. Town of Greenwich*, 3:18-cv-1322 (KAD) (D. Conn. Apr 27, 2023).

Here, Plaintiff's claims, having survived two motions to dismiss, were supported by extensive evidentiary submissions, third party witness statements, and testimony under oath, cannot be deemed frivolous by this applicable standard, particularly given that the *Christiansburg* standard is stringently construed to protect civil rights plaintiffs from fee-shifting deterrence. *"*It is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, her action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22.

These facts, and the Court's order highlighting Plaintiff's evidentiary efforts (e.g., payroll records, text messages) which were insufficient rather than frivolous argue equally against any allegations of bad faith on the part of Plaintiff, who, it must be noted, also submitted over 200 pages of mental health records detailing the damages she alleges arose from Defendants' behavior, further proof of the sincerity of her action.

As Defendants fail to plausibly allege bad faith or frivolity, and as the facts and procedural history clearly portray non-frivolous claims asserted by Plaintiff in good faith, Defendants' motion should be denied in full.

## II. DEFENDANTS' MOTION IS PROCEDURALLY DEFECTIVE AND FAILS TO PROVIDE ANY BASIS FOR THEIR MONETARY DEMAND

Defendants fail to offer any contemporaneous time records, detailed fee breakdowns, and any documentation of costs whatsoever. The Second Circuit noted that there are "no examples in this Circuit of attorneys receiving fees in cases in which they had failed to provide at least some contemporaneous record." Scott v. City of New York, 643 F.3d 56, 59 (2d Cir. 2011).

3

Defendants have failed to demonstrate that their requested fees are reasonable or causally connected to defending against any allegedly frivolous claims. Courts must apportion fees with specificity and are not permitted to award blanket amounts unrelated to frivolous conduct. See *Fox v. Vice*, 563 U.S. 826, 836 (2011) ("The defendant may receive only the portion of his fees that he would not have paid but for the frivolous claim.").

Defendants also improperly request attorneys' fees for addressing what they call "extraneous matters," namely, contextual allegations that are neither independently asserted claims, nor claims which meet the Christiansburg standard. Defendants attempt to conflate said "extraneous" allegations with frivolous claims. However, fees are only recoverable for defending bad faith or frivolous claims, not for "addressing" ancillary allegations. Nor do discovery disputes and motion practice constitute litigation costs, not fee-shifting triggers. Additionally, defendants are unable to identify any time they might have expended in such efforts, and offer no statement of hours billed or fees incurred.

Citing *Fox*, Defendants wrongly seek full recovery of attorneys' fees by arguing all of Plaintiff's claims were frivolous. However, the holding in that matter requires courts to parse fees claim-by-claim, awarding fees only for those claims that were frivolous and only to the extent the fees would not have been incurred 'but for' the frivolous claims. Fox v. Vice, 563 U.S. 826 (2011).

Defendants have not provided any itemized breakdown of time spent defending allegedly frivolous versus non-frivolous claims, as *Fox* requires, and in fact they have not identified any time or cost breakdowns by claim, which is fatal to any fees or costs claim. Their motion should therefore be denied.

### III. DEFENDANTS' MOTION IS PREMATURE UNTIL THE APPEALS PROCESS IS COMPLETED

During the pendency of an appeal, the Court may "defer its ruling on the motion, or may deny the motion without prejudice..." *Tancredi*, 378 F.3d at 231. As Plaintiff has elected to pursue an appeal, should the Second Circuit reverse or remand any portion of the Court's decision, any award of fees at this stage would be rendered moot or, worse, unfairly punitive given the relative mismatch in the power and wealth of the parties, and the fact that the instant matter involves civil rights claims.

Accordingly, the motion is not ripe and should be denied without prejudice pending appellate proceedings.

### CONCLUSION

For the reasons and arguments set forth herein, Plaintiff Alla Kiseleva respectfully requests that the Court deny Defendants' Motion for Costs and Fees in its entirety, and that the Court grant any other relief it determines is just and proper.

Dated: Brooklyn, NY
      June 20, 2025

Respectfully submitted,

By: _____
Anuradha Lazarre
226 Prospect Park West, #197
Brooklyn, NY 11215
Phone: (917) 310-5659
Email: anu@lazarre.law