```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ALLA KISELEVA,                                  :
                                                :
                                                :
                        Plaintiff,              :
                                                :          23-CV-9496 (VEC)
        -against-                               :
                                                :              ORDER
                                                :
                                                :
MARK GREENSPAN, ADAM LITMAN,                    :
BEAUTYFIX ENTERPRISES LLC d/b/a                 :
BEAUTYFIX MEDSPA, BEAUTYFIX                     :
MEDICAL PLLC d/b/a BEAUTYFIX MEDICAL            :
SPA, BEAUTYFIX HOLDINGS LLC, BEAUTY             :
FX SPA INC., and MAYA BENAYOUN,                 :
                                                :
                                                :
                        Defendants.             :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

   WHEREAS on October 29, 2023, Plaintiff initiated this lawsuit asserting employment discrimination claims pursuant to 42 U.S.C. § 1981 and state law, *see* Compl., Dkt. 1;

   WHEREAS following discovery, on May 19, 2025, the Court granted Defendants' motion for summary judgment, *see* Opinion & Order, Dkt. 105;

   WHEREAS on June 2, 2025, Defendants moved for attorneys' fees, *see* Dkt. 107;

   WHEREAS on June 21, 2025, Plaintiff opposed Defendants' motion, *see* Dkt. 109;[1]

---

[1] Defendants point out that Plaintiff's opposition was untimely. Def. Reply Mem., Dkt. 110-1, at 4–6. Such tardiness has been a consistent feature of Plaintiff's counsel's performance in this litigation. On June 18, 2025, Chambers emailed the parties to notify Plaintiff that her response to Defendants' fee motion was overdue. Counsel replied on June 20 attaching a letter raising a host of excuses: an ongoing long-term illness, the winding down of her practice, the elimination of software that would have notified her of filings, and the lack of an assistant. Chambers responded promptly, directing counsel to file the letter on the docket. She never did so. Nevertheless, the Court declines to grant Defendants' motion for attorneys' fees on default because, as discussed below, Defendants' motion is meritless.

WHEREAS on August 18, 2025, Plaintiff appeared *pro se* in this action and filed a letter indicating that her counsel Anuradha Lazarre had ceased responding to her and had not provided her requested case files, *see* Dkt. 111;

WHEREAS on August 28, 2025, the Court ordered Ms. Lazarre, who remains Plaintiff's counsel of record in this action, to confer with her client and update the Court by September 12, 2025, on the status of the requested case files and whether Ms. Lazarre intended to withdraw as counsel, *see* Dkt. 113;

WHEREAS Ms. Lazarre has not complied with the Court's Order;

WHEREAS in an action to enforce a provision of Section 1981, the Court may grant the prevailing party reasonable attorneys' fees, 42 U.S.C. § 1988(b);

WHEREAS although "a prevailing *plaintiff* ordinarily is to be awarded attorney's fees in all but special circumstances," a prevailing defendant is entitled to such fees "only 'upon a finding that the plaintiff's action was *frivolous, unreasonable, or without foundation,* even though not [necessarily] brought in subjective bad faith,'" *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014) (quoting *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n,* 434 U.S. 412, 417, 421 (1978));

WHEREAS courts should not "engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation," *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 770 (2d Cir. 1998) (quoting *Christiansburg Garment Co.,* 434 U.S. at 421–22));

WHEREAS the Court's two previous denials of Defendants' motions to dismiss militate against finding that Plaintiff's claims were frivolous, *id.* at 770–71 ("[A] court cannot properly consider a claim to be frivolous on its face if it finds that the plaintiff must be allowed to litigate the claim. . . . [T]he district court's conclusion, after a bench trial, that a claim was frivolous was

in some tension with its earlier denials of the defendants' motions to dismiss pursuant to Rule 12(b)(6) and for judgment as a matter of law at the close of the plaintiff's case at trial." (citation and internal quotation marks omitted)); *see* Opinion & Order, Dkt. 64; Tr., Dkt. 78; and

WHEREAS the record on summary judgment was exceedingly thin, owing in part to Defendants' failure to depose Plaintiff and Plaintiff's failure to depose one of the Defendants, *see* Tr. at 8:8–9; the Court cannot determine whether Plaintiff's claims were truly frivolous or whether her counsel simply failed to brief effectively her opposition to Defendants' summary judgment motion;

IT IS HEREBY ORDERED that Defendants' motion for attorneys' fees is DENIED. The Court determined previously that Plaintiff adequately pled her employment discrimination claims. Based on the bare record the parties presented, Plaintiff's claim that every non-Slavic injector worked as an employee, whereas every Slavic injector was classified as an independent contractor, turned out to be inaccurate. But, Plaintiff's claims were over-pled. To have defeated Defendants' motion for summary judgment, she did not need to demonstrate that *every* non-Slavic injector worked as a full-time employee; rather, she simply needed to point to a single comparator who was treated differently. *See Hu v. City of New York*, 927 F.3d 81, 96, 101 (2d Cir. 2019); Opinion & Order, Dkt. 105, at 8–9. The Court attributes Plaintiff's failure to raise any evidence in support of that position not to frivolity or to a total lack of foundation, but to her counsel's failure to understand the evidence Plaintiff needed to present to defeat Defendants' motion for summary judgment. The Court declines to punish Plaintiff for her attorney's shortcomings.

IT IS FURTHER ORDERED that by **Friday, October 10, 2025**, Ms. Lazarre must show cause why she should not be sanctioned for failing to comply with the Court's prior Order at Dkt. 113.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 107.

**SO ORDERED.**

Date: September 25, 2025
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**