```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ALLA KISELEVA,

                            Plaintiff,

              -against-

MARK GREENSPAN, ADAM LITMAN,
BEAUTYFIX ENTERPRISES LLC d/b/a
BEAUTYFIX MEDSPA, BEAUTYFIX
MEDICAL PLLC d/b/a BEAUTYFIX MEDICAL
SPA, BEAUTYFIX HOLDINGS LLC, BEAUTY
FX SPA INC., and MAYA BENAYOUN,

                           Defendants.
-------------------------------------------------------------- X

23-CV-9496 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

On May 19, 2025, following discovery, the Court granted Defendants' motion for summary judgment. *See* Opinion & Order, Dkt. 105. On September 25, 2025, the Court denied Defendants' motion for attorneys' fees. *See* Order, Dkt. 114 ("the Order"). Defendants timely moved for reconsideration of the Order. *See* Dkt. 115. Plaintiff opposed Defendants' motion for reconsideration. *See* Dkt. 116.[1] The motion for reconsideration is DENIED.

"The standard for granting [a reconsideration] motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)

---

[1] Although Plaintiff indicates that she is proceeding "*pro se*" and "[n]avigating this case without counsel," Letter, Dkt. 116, Ms. Anuradha Lazarre remains Plaintiff's counsel of record in this action. Ms. Lazarre has, however, now failed to respond to two Court orders to show cause and appears to have abandoned her client altogether. *See* Dkt. 75, 111, 114.

(citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990), and *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)).

In their motion for reconsideration, Defendants rely chiefly on *Fox v. Vice*, 563 U.S. 826 (2011). In that case, the Supreme Court held that reimbursement under Section 1988 "is not all-or-nothing," noting that "a court *may* reimburse a defendant for costs under § 1988 even if a plaintiff's suit is not wholly frivolous." *Id*. at 835 (emphasis added). Defendants argue that *Fox* obligates the Court to assess separately each issue and claim that Defendants assert was frivolous; they are seeking reconsideration because the Court did not do so. *See* Def. Mem., Dkt. 115-1, at 5–7.

In an action to enforce a provision of Section 1981, the Court "has broad discretion" whether to grant the prevailing party reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b). *See, e.g.*, *Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1059 (2d Cir. 1995). Further, the Court is "mindful that awards of attorney's fees to prevailing defendants in civil rights litigation risks discouraging resort to the courts by people with meritorious claims." *Evans v. Port Auth. of N.Y. and N.J.*, No. 00 Civ. 5753, 2003 WL 1992390, at *4 (S.D.N.Y. Apr. 29, 2003).

As the Court determined previously, Plaintiff adequately pled her employment discrimination claims. The Court has not "engaged in irrelevant speculation," Def. Mem. at 6, regarding Plaintiff's ultimate prospect of overcoming Defendants' summary judgment motion had she benefitted from more competent counsel. In the Order, the Court merely noted that Plaintiff's failure to marshal evidence in support of her claims does not *inherently* suggest frivolity or a lack of foundation, as Defendants seem to suggest; instead, Plaintiff's good-faith efforts to pursue her statutory rights may well have been stymied by an absentee or distracted attorney. *See* Dkt. 111 (letter to the Court), 113 (order), 116 (letter opposing Defendants' motion

2

for reconsideration). Furthermore, as the Court has stated previously, the threadbare record on summary judgment (due, in part, to Defendants' decision to forego deposing Plaintiff, and Plaintiff's decision to forego deposing one of the Defendants) makes it impossible for the Court to determine whether any of Plaintiff's claims were *truly* frivolous or whether the lackluster defense of those claims in response to Defendants' motion for summary judgment was evidence of subpar or distracted lawyering. In all events, the Court remains disinclined to punish Plaintiff for the shortcomings of her attorney.

Defendants' assertion that *Fox* requires the Court to engage in "a detailed parsing out process" to delineate between frivolous and non-frivolous claims is wrong. Def. Mem. at 7 (citing *Fox*, 563 U.S. at 836). While *Fox* held that "[a] defendant need not show that every claim in a complaint is frivolous to qualify for fees," 563 U.S. at 835, it remains within the broad discretion of the Court to determine, as a threshold matter, whether any claims in the complaint were, in fact, frivolous, *see LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 669–772 (2d Cir. 1998). Here, based on the limited record in this case, the Court has concluded that none was.

Finally, Plaintiff's failure to prevail in this action does not (and cannot) itself suggest that the lawsuit was frivolous. *See Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421–22 (1978). Nor is there adequate evidence in front of the Court to suggest that some of Plaintiff's claims, but not others, were wholly unfounded. Nothing in the Defendants' current motion persuades the Court that it overlooked evidence tending to suggest that Plaintiff's claims were entirely frivolous. The motion for reconsideration also does not persuade the Court that the Order in which the Court exercised its discretion to deny Defendants' request for fees was clearly erroneous or that Plaintiff brought this case in bad faith. Put differently, nothing in the record in this case suggests that Defendants' motion for attorneys' fees

should be granted. *See* Dkt. 114. Accordingly, the Court declines to revisit its decision to deny Defendants' fee motion.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 115.

**SO ORDERED.**

Date:  **October 28, 2025**  
       **New York, New York**

                                  **VALERIE CAPRONI**  
                                  **United States District Judge**